1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                    EASTERN DISTRICT OF WASHINGTON
7
8   FELICIA BETH BAUMGARDEN,
9          Plaintiff,                          NO.  2:14-cv-00374-SAB
10          v.
11  CAROLYN W. COLVIN, Acting          **ORDER GRANTING**
12  Commissioner of Social Security    **PLAINTIFF'S MOTION FOR**
13  Administration,                    **SUMMARY JUDGMENT;**
14          Defendant.                 **DENYING DEFENDANT'S**
15                                      **MOTION FOR SUMMARY**
16                                      **JUDGMENT**
17

18         Before the Court are Plaintiff's Motion for Summary Judgment, ECF No.
19  12, and Defendant's Motion for Summary Judgment, ECF No. 13. The motions
20  were heard without oral argument. Plaintiff is represented by Dana Madsen.
21  Defendant is represented by Assistant United States Attorney Pamela De Rusha
22  and Special Assistant United States Attorney Benjamin J. Groebner.

23         **I.    Jurisdiction**

24         On August 15, 2011, Plaintiff filed a Title II application for disability
25  insurance benefits and also filed a Title XVI application for supplemental security
26  income (SSI) on the same day. Plaintiff alleged she is disabled beginning January
27
28

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1**

1, 2004, due to agoraphobia, social phobia, depression, anxiety, and PTSD.[1]

Her application was denied initially on October 25, 2011, and again denied on reconsideration on January 6, 2012. A timely request for a hearing was made. On March 8, 2013, Plaintiff appeared and testified at a hearing held in Spokane, Washington before Administrative Law Judge (ALJ) Moira Ausems. Dr. R. Thomas McKnight, medical expert, and K. Diane Kramer, vocational expert, also appeared and testified. Plaintiff was represented by attorney Dana Madsen.

The ALJ issued a decision on May 3, 2013, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied her request for review on September 22, 2014. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on November 11, 2014. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process

---

[1] She later amended the alleged onset date at the hearing to November 1, 2009.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 416.972(a); *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 416.971. If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 416.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 416.920(f). If the claimant is able to perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 416.920(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

**IV.    Statement of Facts**

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was 27 years old. She finished the eighth grade, but has obtained her GED. She has two children.[2] She previously worked as an in-home caregiver and as an assistant preschool teacher at the YMCA.

Plaintiff suffers from anxiety, panic attacks, depression, and migraines. She rarely leaves the house alone. She doesn't have a driver's license. She also reports she has pelvic pain, which limits her ability to stand or walk. She indicates that she has poor memory, and needs reminders to take her medication and to perform her household chores

For a significant period of time, Plaintiff used marijuana. She maintained that it helped her symptoms. She reported she quit smoking marijuana in 2013.

**V.    The ALJ's findings**

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2013.

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 1, 2009, the application date. (Tr. 22.)

At step two, the ALJ found Plaintiff has the following severe impairments: major depressive disorder; personality disorder; and cannabis dependence. (Tr. 22.)

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal Listing 12.04 (Affective Disorders); 12.08 (Personality Disorders), and 12.09 (Substance Addiction Disorders). (Tr. 24.)

The ALJ concluded that Plaintiff has the residual functional capacity to perform the full range of work at all exertional levels except with the following

---

[2] The ALJ erroneously stated that she has three children. (Tr. 26.)

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

nonexertional limitations: she can perform simple routine tasks, with no more than brief superficial contact with coworkers and the general public (Tr. 25.)

At step four, the ALJ found Plaintiff was not capable of performing any past relevant work. (Tr. 28.)

At step five, the ALJ found that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy (Tr. 30.) As such, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from November 1, 2009, through May 3, 2013.

## VI.    Issues for Review

1.    Did the ALJ commit reversible error by improperly discrediting Plaintiff's symptom claims?

2.    Did the ALJ commit reversible error by improperly considering and weighing the medical opinion evidence?

## VII.    Discussion

### 1.    Plaintiff's Credibility

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be not entirely credible. Specifically, she found that the objective medical evidence does not support the level of impairment claims.

She found that Plaintiff's daily activities and medical reports overall do not indicate that she has a complete inability to work, and she also relied on the fact that she worked, although unsuccessfully, after her onset date. (Tr. 26.) She noted the infrequency of the mental health treatment, and the fact that she did not show up for her appointments and appeared to just go through the motions of treatment in order to receive public assistance. (Tr. 26-27.) She also relied on the fact that she was not forthcoming about her marijuana use.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

Here, the ALJ relied on factors in making her credibility determinations that the Ninth Circuit has cautioned against using. For instance, Plaintiff should not be penalized for trying to maintain employment. Rather than show that she is not being credible about her symptoms, her unsuccessful work attempts reinforces the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

conclusion that her limitations prevent her from obtaining and maintaining full time employment. Her activities of daily living are consistent with someone who has anxiety, panic attacks and depression. The identified activities are the type that she can do without contact with people she is not comfortable around. If she goes shopping, it is never by herself. Plaintiff's lack of mental health treatment is consistent with a person who has difficulty leaving the house. Plaintiff told her treatment physician that it was too stressful for her to leave the house to attend counseling. (Tr. 420.) Indeed, the transcript of the hearing suggests that Plaintiff was having difficulty testifying at the hearing. (Tr. 39, 69.) Finally, the record suggests that Plaintiff was not trying to hide her marijuana use when asked. Rather, it appears that she did not volunteer the information. Consequently, the ALJ's credibility determination is not supported by substantial evidence.

### 2.    Medical Opinions

The ALJ is tasked with resolving conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Generally speaking, three types of doctors provide medical evidence: treating doctors, examining doctors, and reviewing (non-examining) doctors. "By rule the Social Security Administration favors the opinion of a treating physician over non-treating physicians." 20 C.F.R. § 416.927[3]; *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "If a treating physician's opinion is well-supported by medically acceptable clinical and

---

[3] 20 C.F.R. § 416.927(c)(2) states: Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight." *Orn*, 495 F.3d at 631. If a treating physician's opinion is not given "controlling weight" because it does not meet these requirements, the ALJ should consider (i) the length of the treatment relationship and the frequency of examination by the treating physician; and (ii) the nature and extent of the treatment relationship between the patient and the treating physician in determining the weight it will be given. *Id.* The ALJ is not required, however, to merely accept the opinion of a treating doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where contradicted, the ALJ may reject the opinion for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* On the other hand, where the treating doctor's opinion is uncontradicted, the ALJ can only reject it for clear and convincing reasons. *Id.*

   The opinions of examining physicians are afforded more weight than those of non-examining physicians. *Id.* Factors the ALJ should consider in evaluating any medical opinion (not limited to the opinion of the treating physician) include: (1) the amount of relevant evidence that supports the opinion and the quality of the explanation provided; (2) the consistency of the medical opinion with the record as a whole; (3) the specialty of the physician providing the opinion; and (4) other factors, such as the degree of understanding a physician has of the Administration's disability programs and their evidentiary requirements and the degree of his or her familiarity with other information in the case record. *Orn*, 495 F.3d at 631.

   Dr. Alisa Hideg is one of Plaintiff's treating physicians. In March, 2011, she indicated that due to agoraphobia and social phobia, Plaintiff had difficulty being around other people. (Tr. 397.) She believed Plaintiff was only capable of working 1 to 10 hours per week. (Tr. 397.) Her counselor, Margaret Lauzon, also concluded that Plaintiff would be limited to 1 to 10 hours a week, because of her panic attacks. (Tr. 395) Dr. Kurt Fine concluded in September, 2010, that Plaintiff

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

would not be able to work at all due to her pelvic pain that began after her IUD removal. (Tr. 391.)

The ALJ gave little weight to Plaintiff's treating physician's opinions because they involved a check-box or form report that did not include significant explanation for their conclusions, and because the definitions and standards used by the Department of Social and Health Services differs from the definition and standards contained in the regulations for assessing mental disorders. (Tr. 28.) She concluded these reports were not supported by the treatment notes and were clearly done to aid Plaintiff with obtaining public assistance. (Tr. 28.)

These reasons provided by the ALJ for rejecting Plaintiff's treating physicians do not meet the standards set forth above. As such, remand is warranted.

### 3.    RFC Assessment

The ALJ gave great weight to Dr. Robinson's opinion. Dr. Robinson completed an assessment for Disability Determination Services. The ALJ noted Dr. Robinson found that Plaintiff was capable of carrying out short and simple instructions and her concentration, persistence might be affected, but she was capable of working with superficial contact with the public and coworkers. (Tr. 27.) The ALJ then incorporated these limitations into the Residual Functional Capacity determination by indicating that Plaintiff had the following nonexertional limitations:

She can perform single routine tasks, with no more than brief superficial contact with coworkers and the general public. (Tr. 25.)

This RFC, however, does not include all the limitations identified by Dr. Robinson after he reviewed Plaintiff's medical records. In addition to those relied on by the ALJ, Dr. Robinson concluded that Plaintiff would be moderately limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances (Tr. 96.) He also found that her ability to complete a normal workday and workweek without interruptions from

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods was moderately limited.

When asked by Plaintiff's counsel, the vocational expert testified that if these additional limitations were considered, an individual would have a difficult time keeping the job. (Tr. 68.) ("If you're having difficulties with all of these things at least one-third of the time, I don't believe any type of employment would be able to be maintained.").

The ALJ rejected the vocational expert's conclusion and instead relied on Dr. Robinson's conclusion that Plaintiff was capable of working with superficial contact with the public and coworkers. The ALJ concluded that the additional moderate limitations identified by Dr. Robinson were not supported by the objective medical evidence..

The ALJ's decision to reject portions of Dr. Robinson's findings is not supported by substantial evidence, especially since Dr. Robinson conducted a review of the medical records and also found that Plaintiff was only partially credible. Even when viewing Plaintiff as partially credible, he found that she would have difficulty with completing a normal workday and workweek without interruptions, although his conclusion that she was fully employable is at odds with this limitation. The ALJ chose to rely on his conclusion that she was employable and ignore his conclusion that she would have difficulty with completing a normal workday and workweek. Additionally, Dr. Robinson's findings regarding Plaintiff's ability to complete a normal workday and workweek are consistent with the conclusions made by Plaintiff's treating physicians.

Ultimately, the ALJ gave Dr. Robinson's finding regarding Plaintiff's limitations great weight, and thus, all of his findings should have been given great weight. The ALJ's conclusion that Dr. Robinson's finding of moderate limitations with the normal workday and workweek was not supported by the record is incorrect. Rather, the record supports Dr. Robinson's conclusion. When all of the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

limitations (rather than just the ones the ALJ chose to use) were presented to the vocational expert, she concluded that Plaintiff was not employable.

Consequently, the RFC relied on by the ALJ is incomplete. It should have included the additional limitations identified by Dr. Robinson. Additionally, the ALJ erred in rejecting the vocational expert's opinion that relied on all the limitations identified by Dr. Robinson and substituting Dr. Robinson's opinion regarding the employability of Plaintiff.

### 4.    Conclusion

As set forth above, the ALJ's credibility determination is not supported by substantial evidence. In addition, the ALJ erred in rejecting Plaintiff's treating physicians' opinions. Finally, the ALJ erred in not incorporating all of the limitations identified by Dr. Robinson in Plaintiff's RFC, and substituting Dr. Robinson's opinion that Plaintiff is employable for the opinion of the vocational expert who said she was not.

The Court has discretion in deciding whether to remand for further proceedings or for immediate payment of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r,* 635 F.3d 1135, 1138 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence; (2) no outstanding issues exist that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "crediting as true" doctrine is not a

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**

mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991)).

Here, there are no outstanding issues to resolve. Based on the vocational expert's testimony, it is clear Plaintiff is disabled when all the limitations found by Dr. Robinson, whose testimony the ALJ gave great weight, is included in the RFC. As such, it is appropriate to remand for the award of benefits.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 13, is **DENIED**.

3. The decision of the Commissioner denying benefits is reversed and remanded for an award of benefits.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 27th day of October, 2015.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**